IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-HC-2015-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| JOHNNY ALLEN HASS, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's 22 November 2011 motion to dismiss (DE # 63). The government has not filed a response to the motion, and the response would not be due until 13 December 2011. However, because respondent's case is set for a hearing on the merits before the end of the response period, the court will proceed to rule on the motion without the government's response.

In this action, the government seeks to commit respondent as a sexually dangerous person pursuant to 18 U.S.C. § 4248 ("§ 4248"). Respondent asserts that this § 4248 proceeding should be dismissed because he has been deprived of equal protection of the law. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (internal quotation marks omitted).[1] Ordinarily, when a statute is challenged under the Equal Protection Clause, the general rule is that legislation is presumed to

---

[1] If a classification would violate the Equal Protection Clause of the Fourteenth Amendment, then it also violates the Fifth Amendment's Due Process Clause as a matter of law. See Johnson v. Robison, 415 U.S. 361, 364 n.4 (1974).

be valid and will be sustained if the classification drawn by the statute at issue is rationally related to a legitimate governmental interest. Id. at 440; Veney v. Wyche, 293 F.3d 726, 731 (4th Cir. 2002). However, a statute that implicates a fundamental right or a suspect class triggers the more demanding "strict scrutiny" test and will be sustained only if it is narrowly tailored to serve a compelling government interest. City of Cleburne, 473 U.S. at 440.

The United States Supreme Court has not squarely addressed the level of scrutiny that should be applied in cases involving challenges to civil commitment statutes. See Hubbart v. Knapp, 379 F.3d 773, 781 (9th Cir. 2004). Respondent argues that strict scrutiny must be applied to an unequal classification in a law that restricts liberty. (See Mot., DE # 127, at 1 n.2.) However, several lower federal courts have discussed this issue in the context of challenges to § 4248 and have concluded that the rational basis standard of review applies. See United States v. Coho, No. 09-CV-754-WJ, 2009 WL 3156739, at *7 (D.N.M. Sept. 18, 2009); United States v. Shields, 522 F. Supp. 2d 317, 340 (D. Mass. 2007); United States v. Carta, 503 F. Supp. 2d 405, 408 (D. Mass. 2007), aff'd, 592 F.3d 34, 44 (1st Cir. 2010). The court adopts the reasoning of these decisions and finds that the rational basis standard of review should be applied to this case.

Respondent asserts that even if the rational basis standard applies, § 4248 violates his right to equal protection because the statute bears no rational relationship to the government's goal of protecting the public from sexually dangerous persons. Essentially, respondent is arguing that all federal prisoners are impermissibly singled out by the statute for possible commitment, regardless of whether or not they have records of sexually violent conduct. He argues that the government cannot use one's status as a prisoner to control whether or not the person may be subject to a civil commitment hearing. The equal protection argument builds on

2

Baxstrom v. Herold, 383 U.S. 107 (1966), where the Supreme Court disallowed a state commitment statute that made it easier to commit based on mental illness those already in prison than counterpart state residents not so imprisoned. Id. at 110-11.

Here, respondent's argument fails because "sexually dangerous persons in the custody of the federal government are not similarly situated to sexually dangerous persons not charged with a federal crime or serving a federal sentence." Shields, 522 F. Supp. 2d at 341; see also Coho, 2009 WL 3156739, at *7; Carta, 503 F. Supp. 2d at 408, aff'd, 592 F.3d at 44. As the First Circuit Court of Appeals has explained in distinguishing Baxtrom:

> [A] state, unlike Congress, has a general police power, whereas the federal government's interest and responsibility here stem from the fact that it already has custody of the prisoner. . . . There is no corresponding group of unimprisoned persons subject to its police power, so with respect to the operation of section 4248, federal prisoners and unimprisoned persons are not similarly situated. See Plyler v. Doe, 457 U.S. 202, 216, 102 S. Ct. 2382, 72 L. Ed. 2d 786 (1982). Thus, far from being irrational, it is inevitable that the federal government limits the reach of section 4248 to individuals already in its custody.

Carta, 592 F.3d at 44 (emphasis in original) (internal citation omitted). Accordingly, the court concludes that respondent's contentions are without merit.

Based on the foregoing, respondent's motion to dismiss (DE # 63) is DENIED.

This 28 November 2011.

                              W. Earl Britt
                              Senior U.S. District Judge